IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOCAL UNION 1357 OF THE LABORERS INTERNATIONAL UNION Of NORTH AMERICA | ] ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | Civil Action No. 2:22-cv-307 |
| PACE INDUSTRIES AIRO DIE CAST, Inc., PACE INDUSTRIES, INC., PACE INDUSTRIES, INC. t/d/b/a PACE INDUSTRIES/AIRO DIVISION, PACE INDUSTRIES LATROBE PLASTIC COMPANY, PACE INDUSTRIES, LLC, | ] ] ] ] ] ] ] ] | |
| Defendants. | ] | |

## **COMPLAINT**

Plaintiff herein, by and through its attorneys, Richard P. Gilardi and Gilardi, Oliver & Lomupo, file this complaint against Defendant above named, and for its cause of action allege:

## **THE PARTIES**

1. Plaintiff Local Union 1357 of the Laborers International Union of North America (hereinafter, "Union" or "Plaintiff Union") is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §152(5) of the National Labor Relations Act of 1947 (hereinafter, "Act").

2. Defendants Pace industries, Airo Die Cast,Inc., Pace Industries, Inc., Pace Industries, Inc., t/d/b/a Pace industries Airo Division, Pace Industries Latrobe Plastic Company, and Pace

Industries, LLC (hereinafter, "Employer" or "Defendant Employer") are all employers in an industry affecting commerce within the meaning of 29 U.S.C. §152(2) of the Act.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. §185 of the Act.

4. The Plaintiff Union and the Defendant Employer transact business within the Western District of Pennsylvania, (Loyalhanna, Westmorland County, Pennsylvania) and the cause of action arose within the district.

## THE CAUSE OF ACTION

5. The Plaintiff Union represents production, fabrication, and maintenance employees employed by the Defendant Employer at a plant located in Loyalhanna, Westmorland County, Pennsylvania.

6. The Union and the Employer are parties to a collective bargaining agreement (hereinafter, "CBA") covering the work location which extends from May 15, 2019 through May 15, 2024. The CBA provides for the arbitration of grievances; a grievance is defined as "any dispute arising under this agreement between the Company and the Union." (CBA, Article VXIII, p. 24). A true and correct copy of the CBA is attached hereto as Exhibit A to the Complaint.

7. The CBA grievance procedure provide, among other things, that:

"If the grievance has not been settled within ten (10) working days, it may then be submitted to arbitration within ten (10) working days. The arbitration shall be conducted, pursuant to the labor arbitration rules of The American Arbitration Association."

8. In April of 2021, the Union filed a grievance averring that the CBA also contains a Hospitalization Insurance/Health Benefit Plan clause (hereinafter, described as the "health insurance clause" and designated as Article 10 of the CBA) that was actively being breached in

an ongoing manner by Pace Industries.  Specifically, the health insurance clause states and provides that a Summary Plan Document and Plan Description of the health insurance coverage will be maintained on the premises at the Loyalhanna plant in the Human Resources office.  The Union made several requests - in writing - for copies of the Summary Plan Description and the Plan Document, but none was forthcoming.

9.  Pursuant to the grievance procedure, Local 1357 filed a grievance, the matter followed its path up to and including a labor arbitration, where the matter was settled just prior to the commencement of the arbitration hearing.

10.  Following the settlement, the parties reduced their agreement to writing, and executed the Settlement Agreement on December 21, 2021.  A true and correct copy of the signed Settlement Agreement is attached hereto as Exhibit B to the Complaint.  The Settlement Agreement provided for, among other things, Pace Industries (Defendants herein) to have a Plan Document on the premises at the Loyalhanna plant within thirty (30) days of the signing of the agreement.  The Settlement Agreement also called for a Summary Plan Description to be on site at the Loyalhanna plant on or before January 21, 2022.

11.  A Wrap Summary Plan Description was provided to Local 1357 on January 20, 2022, but a Plan Document has not been provided as of the date of this Complaint, in breach of the Settlement Agreement, in breach of the CBA, and in violation of the Act.

## COUNT I
### Violation of Labor-Management Relations Act, 29 USC §§155-188

12.  Paragraphs 1-11 are incorporated herein as is set forth in their entirety.

13.  The Defendants have violated the Labor-Management Relations Act in general and in the following particulars:

a)  In breaching the Settlement Agreement;

b) In breaching the collective bargaining agreement;

c) In failing to provide a Plan Document, as required;

d) In failing to provide a Summary Plan Description, as required;

e) In providing a Wrap Summary Plan Description that is incomplete;

f) In violating the Labor-Management Relations Act in general.

14. Plaintiff herein has been damaged by Defendants' conduct and multiple breaches in that they have sustained financial loss as a result thereof, and members have had insurance denials with no recourse, and as set forth generally under the Act.

WHEREFORE, Plaintiff demands judgment in its favor and claims all damages available under the Act and also sets forth a claim herein for counsel fees and costs as a result the egregious breaches committed by Defendants.

## COUNT II
**Violation of Employee Retirement Income Security Act of 1974, 29 UCS §1001, et. seq.**

15. Paragraphs 1-14 are incorporated herein as if fully set forth in their entirety.

16. The Defendants, through their conduct and multiple breaches, as set forth above, have violated ERISA in general and in the following particulars:

a) In breaching their fiduciary duty to plan participants;

b) In not providing, distributing and having available federally mandated documents;

c) In refusing to supply a Plan Document;

d) In providing an incomplete and misleading Wrap Summary Plan Description;

e) In failing to provide notice of coverages to plan participants;

f) In failing to communicate in any way with plan participants;

g) In failing to provide appeal/denial remedies to plan participants;

h) In generally violation the Employee Retirement Income Security Act.

17. The conduct and breaches committed by Defendants' has caused actual harm to many members of Local 1357. Several members have had medical procedures denied that were covered in prior enrollment periods. Several female plan participants have had denials of reproductive treatments, including pregnancy tests, procedures, and medications, without explanation, notice, or right of appeal. Several plan participants have had an interruption in their health insurance coverage (and health related consequences) as a result of Defendants' conduct as described herein. Plaintiff Local 1357, and the members thereof, have been prejudiced by the breaches committed by Defendants.

WHEREFORE, Plaintiff claims any and all damages available under ERISA, and herein asserts and prays for a penalty claim against Defendants. Moreover, Plaintiff claims counsel fees and costs against Defendants. Plaintiff further seeks that Defendants be compelled to adhere to ERISA requirements and that all effected plan participants be made whole.

Respectfully submitted,

/s/Richard P. Gilardi_____
Richard P. Gilardi, Esquire
PA I.D. No. 66973
Gilardi, Oliver & Lomupo
200 First Avenue, Suite 400
Pittsburgh, PA  15222
(412) 391-9770
(412) 391-9780 (facsimile)
rpgilardi@lawgol.com